# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MIGUEL ANGEL CRUZ-DANZOT,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 17-1837 (ADC)**
**[Related to Crim. No. 11-388-71 (ADC)]**

## OPINION AND ORDER

Before the Court is Petitioner Miguel Ángel Cruz-Danzot's ("Cruz") petition for relief under 28 U.S.C. § 2255. **ECF No. 1**. The government responded with a motion to dismiss. **ECF No. 8**. For the following reasons, the Court **GRANTS** the government's motion to dismiss the petition. **ECF No. 8**.

By a Judgment, dated July 20, 2012, Cruz was convicted before this Court, by guilty plea, of Conspiracy to Possess with Intent to Distribute Cocaine Base within a Protected Location, 21 U.S.C. §§ 841(a)(1), 846, 860, and was sentenced to seventy-eight months in prison, followed by eight years of supervised release. **Crim. No. 11-388, ECF No. 1259**. The Judgment became final on August 6, 2012, fourteen days after its entry, when Cruz failed to timely appeal the judgment pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

More than three years later, on or about September 22, 2015, Cruz filed an untimely notice of appeal. **Crim. No. 11-388, ECF No. 3444**. By a Judgment, dated January 20, 2016, the Court of Appeals dismissed the appeal as untimely, remitting Cruz "to his remedies, if any, under 28 U.S.C. § 2255." *Id*. at **ECF No. 3630**. On or about February 15, 2017, nearly five years after the underlying judgment became final, Cruz filed his first pro-se application for relief pursuant to 28 U.S.C. § 2255. **Civil No. 17-1229, ECF No. 3**. This Court denied that application as untimely. *Id*. at **ECF No. 8**. Cruz then filed another habeas petition pursuant to 28 U.S.C. § 2241 in the district in which he was incarcerated, the Middle District of Pennsylvania, arguing that the principles announced in *McFadden v. United States*, 135 S.Ct. 2298 (2015); *Rosemond v. United States*, 134 S.Ct. 1240 (2014); and *Burrage v. United States*, 134 S.Ct. 881 (2014), render his guilty plea involuntary and unintelligent. *Cruz-Danzot v. Baltazar*, 2017 WL 4550986, at *1 (slip copy) (M.D. Pa. Oct. 12, 2017). The Pennsylvania Court denied his petition without prejudice, noting that it was successive, raised no new arguments, and was prohibited under the "safety valve clause" of 28 U.S.C. § 2255(e). *Id.* at *2. The Pennsylvania Court also noted that *Rosemond* and *Burrage* do not apply retroactively and *McFadden* was not relevant to Cruz's circumstances. *Id.* at *2–3.

In Cruz's present application for habeas relief under section 2255, he similarly challenges his guilty plea as "unintelligent and involuntary," on the basis that he lacked knowledge of: (1) "the Controlled Substance Act or Analogue of § 802(32)(A) of Schedule II," (2) a requirement that "death or serious bodily injury had to result from the use of the cocaine base," and (3) "Aid

& Abetting in the Conspiracy to Manufacture and Possession with Intent to Distribute." **ECF No. 1** at 4. He relies on the same three United States Supreme Court cases that were rejected by the Pennsylvania Court in dicta as inapplicable. *Id.* at 4, 10. Cruz now argues that because these cases "were previously unavailable until 2014 and 2015," the present petition is not untimely. *Id.* at 10. *See* 28 U.S.C. § 2255(f)(3).

The government opposes Cruz's petition, arguing that Cruz failed to obtain leave from the First Circuit Court of Appeals to file this "second or successive" application in accordance with 28 U.S.C. § 2244(b)(3)(A). **ECF No. 8** at 2.

The Court agrees with the government. This Court denied Cruz's first petition for habeas relief on the merits, rendering the present filing his second or successive petition for habeas relief. *See Cook v. Ryan*, 2012 WL 5064492, *2 (D. Mass. Oct. 15, 2012) (mem.) (collecting cases holding that a dismissal of a habeas petition on statute of limitations grounds is an adjudication on the merits); *accord Candelario v. Warden*, 592 Fed. Appx. 784, 785 n.1 (11th Cir. 2014) (per curiam); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Stokes v. Gehr*, 399 Fed. Appx. 697, 699 n.2 (3rd Cir. 2010) (per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) (explaining that, "unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected," rendering a dismissal on statute of limitations grounds an adjudication on the merits). Thus, Cruz must obtain leave from the First Circuit Court of Appeals to file this petition.

Accordingly, this Court lacks jurisdiction to entertain Cruz's successive petition. Consequently, the Court **GRANTS** the government's motion to dismiss at **ECF No. 8**. Cruz's petition at **ECF No. 1** is **DISMISSED WITHOUT PREJUDICE**. *See Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997). Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 20th day of August, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**